IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KUNBI ALABI-SHONDE, as natural : 
guardian of O.S., a Minor, and L.S., a :
Minor., :
 :
       Plaintiffs, :
 :
    v. :   C.A. No.: 1:11-cv-00608-LPS
 :
MATTHEW PATTERSON, Individually :
and in his official capacity of Security :
Guard; DAVID JIMINEZ, Individually and :
in his official capacity of Security Guard; :
IPC INTERNATIONAL CORPORATION; :
GENERAL GROWTH PROPERTIES, :
INC.; CHRISTIANA MALL HOLDINGS, :
LLC; CHRISTIANA MALL, LLC; CPL. :
AMBER SMITH, in her individual capacity :
as an officer of the Delaware State Police; :
CORP. RAYMOND SHATLEY, in his :
individual capacity as an officer of the :
Delaware State Police, :
 :
       Defendants. :
 :

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e). (D.I. at 119) For the reasons set forth below, the Court will deny the motion.

**I.    BACKGROUND**

Plaintiffs filed a Complaint alleging unlawful detention, use of excessive force, battery, false imprisonment, premise liability negligence, and negligence after an incident in which Plaintiffs were taken into custody because of their alleged involvement in the theft of cell phones

1

at the Christiana Mall (the "Mall"). (D.I. 40) On February 6, 2014, the Court granted the Motion for Summary Judgment filed by Defendants Corporal Amber Smith ("Defendant Smith") and Corporal Raymond Shatley as well as the Motion for Partial Summary Judgment on Counts I and IV filed by Defendants Matthew Patterson ("Mall Defendant Patterson") and David Jiminez ("Mall Defendant Jiminez"). (D.I. 117, 118) (collectively, the "Order")

In the Order, the Court held: (1) Defendant Smith had probable cause when she arrested Plaintiffs, because she believed Jayvon Moore's statement that Plaintiffs were "in with him" when he stole a cell phone in the Mall (D.I. 117 at 11); (2) Mall Defendants Patterson and Jiminez were not acting "under color of state law," because they were not trained by state actors, did not have the powers of public enforcement, had authority to detain Plaintiffs under the Delaware shopkeeper statute, and had probable cause to believe Plaintiffs violated mall policy and/or the law (*id.* at 13); (3) Plaintiffs failed to present objective evidence of excessive force (*id.* at 14); and (4) Mall Defendants Patterson and Jiminez did not falsely imprison Plaintiffs, since they had probable cause to detain Plaintiffs (*id.* at 15).

## II. PARTIES' CONTENTIONS

By their motion, Plaintiffs contend that the Court "failed to construe all evidence in the light most favorable to the [non-moving parties] and to draw all permissible inferences in [their] favor." (D.I. 119 at 2-10) For example, Plaintiffs dispute (among others) the statements in the Order regarding Mall access before official opening hours, what was on the surveillance footage, what Plaintiffs said about Moore, and what Mall Security told Smith about Plaintiffs' involvement in the theft. (*See id.*) In response, Defendants contend that Plaintiffs are rearguing the same version of events that they presented in their summary judgment briefs. (D.I. 121 at 3)

2

Defendants further argue that Plaintiffs fail to set out specific arguments as to the legal significance of any of the asserted factual disputes. (*Id.*)

## III. LEGAL STANDARDS

A motion for reconsideration pursuant to Rule 59(e), which is timely filed and challenges the correctness of a previously entered order, is considered the "functional equivalent" of a motion for reconsideration under Local Rule 7.1.5. *See Corning Inc. v. SRU Biosystems*, 2006 WL 155255, at *3 (D. Del. Jan. 20, 2006). Motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Such motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *See, e.g., Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1240. A court may alter or amend the judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not previously available; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## IV. DISCUSSION[1]

A genuine dispute of material fact is present when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Most of the factual disputes Plaintiffs identify in their motion are not material, as they were not relied on by Defendant Smith in finding probable cause. Nor do these same disputed facts present a genuine dispute of material fact relating to whether Mall Defendants Patterson and Jimenez were acting "under color of state law," whether Plaintiffs were subject to excessive force, or whether Plaintiffs were falsely imprisoned.[2] *See id.* ("[The] mere existence of *some* alleged factual dispute[s] between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

Two remaining disputed facts – what Defendant Smith was told about Plaintiffs'

---

[1]On July 15, 2014, Plaintiffs wrote to the Court to direct its attention to a recent Supreme Court decision, *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014), which vacated a grant of summary judgment to a defendant. *Tolan* reiterates but does not change the law. *See id.* at 1868. Hence, it does not constitute a change in the controlling law. Moreover, as stated in the instant Memorandum Order, the Court does not believe it clearly erred in application of the summary judgment standard in the instant case. Additionally, although Local Rule 7.15 does not provide for the filing of replies in support of motions for reconsideration, *see* D. Del. LR 7.1.5 ("The Court will determine from the motion and answer whether reargument will be granted."); *Eames v. Nationwide Mut. Ins. Co.*, 2008 WL 4455743, at *5 (D. Del. Sept. 30, 2008) – the Court has considered Plaintiffs' Reply (D.I. 123).

[2]The following disputed facts are irrelevant to the holdings in the Order because they were not used by Defendant Smith in finding probable cause to detain Plaintiffs: the Mall access policy, what the surveillance footage included, what Mall Defendants Patterson and Jimenez saw, what Plaintiffs said about their relationship or lack thereof with Moore, whether Defendant Smith was given a DVD or CD that contained a recording showing three males committing a crime, and whether Defendant Smith discovered Moore was lying and found that the surveillance video was inconclusive.

4

involvement in the theft by Mall Security and by Moore – do relate to whether Smith had probable cause to detain Plaintiffs, but Plaintiffs' arguments regarding these disputed facts have already been presented to, and fully considered by, the Court. The Court does not believe it committed a clear error of law or fact in its Order. *See Intermec Techs. Corp. v. Palm Inc.*, 830 F. Supp. 2d 1, 4 (D. Del. 2011) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.").

## V.    CONCLUSION

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration Under Rule 59(e) (D.I. 119) is DENIED.

IT IS FURTHER ORDERED that the parties shall submit a joint status report no later than October 14, 2014.

September 30, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE